# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                   Plaintiff,<br><br>   vs.<br><br>JAMES CHEEVERS (12),<br><br>                                   Defendant. | CASE NO. 13cr492-GPC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE**<br><br>[Dkt. No. 524.] |

On June 16, 2014, Defendant James Cheevers ("Defendant"), proceeding *pro se*, filed a motion to modify his sentence. (Dkt. No. 524.) On February 18, 2014, Defendant pled guilty to a Superseding Information charging him with conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Dkt. No. 363.) On May 16, 2014, Defendant was sentenced to 105 months in custody to run consecutively to his state court sentence. (Dkt. No. 483.) In the instant motion, Defendant requests that the Court modify his sentence to run concurrent with his state conviction. Plaintiff filed an opposition on July 23, 2014. (Dkt. No. 546.)

## Discussion

During the plea colloquy on February 18, 2014, Defendant acknowledged that he reviewed the plea agreement with his attorney and he initialed each page and signed the written plea agreement. (Dkt. No. 546-2, Change of Plea Hearing at 13:22-14:11.) Defendant answered in the affirmative to the question, "Does your written plea agreements include all the promises that have been made to you by the government?"

(Id. at 14:23-15:3.)

In his sentencing memorandum, Defendant requested that his federal sentence run concurrent with his state sentence. (Dkt. No. 470.) At the sentencing hearing, and after hearing argument, the Court declined to impose a concurrent sentence. (Dkt. No. 546-3, Sentencing Transcript at 11-12, 16.) The Court sentenced Defendant to 105 months in custody. (Id. at 15.) Defendant now moves the Court post-judgment, to run his sentence concurrent with his sentence on a state conviction because he claims he had been informed by his attorney that the Government agreed to a concurrent sentence in exchange for his guilty plea.

The district court does not have the "inherent power" to revise sentencing orders. United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997). "Its authority to do so must flow either from the court of appeal mandate . . . or from Federal Rule of Criminal Procedure 35." United States v. Ceballos, 671 F.3d 852, 854 (9th Cir. 2011) (citations omitted).

Defendant does not provide any legal authority authorizing the Court to modify his sentence. There is no court of appeal mandate and it does not appear that the provisions of Federal Rule of Criminal Procedure 35 apply. See id.

Defendant asserts that his attorney informed him that the government agreed to a concurrent sentence in exchange for his guilty plea. However, Defendant fails to provide any factual support for his allegation that the government agreed to make his state and federal sentences concurrent. In fact, the record evidences the opposite. For example, during the plea colloquy, Defendant acknowledged that all promises made by the government were contained in his plea agreement. (Dkt. No. 546-2, Change of Plea Hearing at 14:23-15:3.) The plea agreement does not provide for concurrent sentences. (Dkt. No. 546-1, Plea Agreement.) Moreover, in his sentencing memorandum, Defendant made a request that his federal sentence run concurrent with his state sentence, revealing that an agreement was not made with the government. (Dkt. No. 470.) The issue was raised at the sentencing hearing, and the Court denied the request

and imposed a consecutive sentence. (Dkt. No. 546-3 at 16.) Defendant fails to provide any no legal or factual basis to show he is entitled to relief.

**Conclusion**

Based on the reasoning above, the Court DENIES Defendant's motion to modify sentence.

IT IS SO ORDERED.

DATED: October 7, 2014

*[signature]*
HON. GONZALO P. CURIEL
United States District Judge