# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES CHEEVERS (12),<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 3:13-cr-0492-GPC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE**<br><br>**[ECF No. 654]** |

On January 8, 2015, Defendant James Cheevers ("Defendant"), proceeding *pro se*, filed a letter that the Court construes as a motion to modify his sentence. (ECF No. 654.) On February 18, 2014, Defendant pled guilty to a Superseding Information charging him with conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 363.) On May 16, 2014, Defendant was sentenced to 105 months in custody to run consecutively to his state court sentence. (ECF No. 483.) In the instant motion, Defendant requests that the Court modify his sentence to run prior to his state court sentence. (ECF No. 654.)

Defendant alleges that he was unable to contact his counsel so that he could dispute alleged falsehoods in his pre-sentence report. (ECF No. 654.) However, Defendant has already filed an ineffective assistance of counsel claim which this court previously denied and Defendant does not offer any new evidence that would alter that decision. (*See* ECF No. 639.) Though Defendant's request to serve his federal sentence

first does not appear to challenge the fact or duration of his physical imprisonment, it does seek immediate release from state custody, albeit so that he can be returned to such custody at a later date. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, Defendant has not alleged that "he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254. Accordingly, the Court finds that there is no basis to modify Defendant's sentence.

As this is the third time that Defendant has sent this Court a post-sentence letter, (*see* ECF Nos. 524, 541, 654), the Court reminds Defendant that letters to the Court are not the proper way to obtain the relief he seeks. If Defendant wishes to challenge the fact or duration of his state court sentence and seeks immediate release or a speedier release from state court confinement, the appropriate remedy in federal court is to file a habeas petition pursuant to 28 U.S.C. § 2254. If Defendant wishes to challenge his federal court sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," the proper remedy is to file a habeas petition pursuant to 28 U.S.C. § 2255. If Defendant wishes to challenge the conditions of his confinement, such as which facility he is detained at or access to detention facility programs including a law library or medical care, the proper remedy is to file a complaint pursuant to 42 U.S.C. § 1983. *McCarthy v. Bronson*, 500 U.S. 136, 141–42 (1991); *Preiser*, 411 U.S. at 499; *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

As a final matter, the Court notes that, even if Plaintiff's request were granted, transfer to the Metropolitan Correctional Center, San Diego (the "M.C.C.") would be unlikely. The M.C.C. generally houses pre-sentence inmates or inmates serving brief sentences. Post-sentence inmates serving significant sentences, such as Defendant, are unlikely to be housed at the M.C.C. Rather, they generally serve their sentences at other Federal Bureau of Prisons ("BOP") facilities. While this Court recommended that

1  Defendant serve his sentence at a BOP facility in the Western Region, (*see* ECF No.
2  486), BOP is not required to follow that recommendation and Defendant could serve
3  his sentence anywhere in the United States. Moreover, even if BOP followed the
4  Court's recommendation, the Western Region includes facilities far from San Diego,
5  including facilities in Arizona and northern California. *See* FEDERAL BUREAU OF
6  PRISONS: WESTERN REGIONAL OFFICE, *available at*
7  http://www.bop.gov/locations/regional_offices/wxro/.

8  For the foregoing reasons, the Court **DENIES** Defendant's motion to modify
9  sentence, (ECF No. 654).

10  **IT IS SO ORDERED.**
11  DATED: January 8, 2015

13  HON. GONZALO P. CURIEL
14  United States District Judge