UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CHEEVERS,<br><br>                    Petitioner-Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent-Plaintiff. | Case No.: 3:13-cr-492-GPC<br>Related Case: 18cv1959-GPC<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE AN AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255**<br><br>**[Dkt. No. 736.]** |

      On October 25, 2018, Petitioner filed a "motion for dismissal of section 2255" or alternatively, a motion for leave to file an amended petition for writ of habeas corpus under 28 U.S.C. § 2255. (Dkt. No. 726.)

      On August 23, 2018, the Court granted Petitioners' Federal Rule of Civil Procedure ("Rule") 60(b) motion and set a briefing schedule on his 28 U.S.C. § 2255 petition. (Dkt. No. 728.) The court noted that Petitioner's first of claim ineffective assistance of counsel ("IAC") for his counsel's failure to file a "notice of appeal" citing to "Brief in Support of 28 U.S.C. § 2255 Motion" was not attached. The Court granted Petitioner until September 7, 2018 to file the brief. Petitioner did not file a brief within

1

the Court's deadline. In the meantime, Respondent filed a response on September 28, 2018. (Dkt. No. 734.)

In the instant motion, Petitioner claims that in his Rule 60(b) motion, he claimed a second ground for ineffective assistance of counsel based on his attorney's misrepresentation to him about the nature of the plea agreement with the government. (Dkt. No. 736.) He claims he was informed the government had agreed to a concurrent sentence as opposed to the consecutive sentence he received. (Id. at 1-2[1].) He claims while he submitted the "electronic mail communication" between his attorney and the AUSA, he did not assert this ground in his petition. Therefore, he requests that the Court either dismiss his petition to allow him to re-file a new one with all his grounds under the correct heading and format or allow him leave to amend the § 2255 petition to include all grounds and file a brief in support. (Id. at 2.) The Court notes that while his petition alleges only one ground for ineffective assistance of counsel for failing to file a notice of appeal, in his Rule 60(b) motion, he also complains that he understood from his appointed counsel that the AUSA agreed to recommend that his sentence run concurrently. (Dkt. No. 727 at 20-21, 80-81.) Good cause appearing, the Court GRANTS Petitioner leave to amend his § 2255 petition to add an additional claim of ineffective assistance of counsel. Petitioner shall file an amended petition on or before **November 16, 2018**. Respondent shall file a response on or before **December 14, 2018**. Petitioner may file a reply on or before **January 4, 2019**.

IT IS SO ORDERED.

Dated: October 25, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] Page numbers are based on the CM/ECF pagination.

2