UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CHEEVERS,<br><br>　　　　　　Petitioner-Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent-Plaintiff. | CASE NO.: 3:13-cr-492-GPC<br>Related Case: 18cv1959-GPC<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

On November 19, 2018, Petitioner, James Cheevers ("Petitioner"), a federal prisoner proceeding *pro se*, filed an amended petition for writ of habeas corpus to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 738[1].) On December 14, 2018, Respondent, the United States of America, filed a response in opposition. (Dkt. No. 742.) On January 7, 2019, Petitioner filed a reply to Respondent's opposition. (Dkt. No. 746.) For the following reasons, the Court **DENIES** Petitioner's amended petition to vacate, set aside, or correct his sentence.

## BACKGROUND

In July/August 2012, the FBI used court-authorized wire interceptions and other techniques to investigate the narcotics trafficking activities of methamphetamine

---

[1] All docket citations refer to the docket numbers as filed in Petitioner's criminal case, 13-CR-492-GPC.

1

distributors connected to a local Skyline gang. (Dkt. No. 459, PSR at 5.) Agents began intercepting Carlos Sanchez which revealed that he supplied methamphetamine to Petitioner. (*Id*. at 5-6.) During the approximately two and a half months that agents monitored Sanchez's phones, agents intercepted about 171 relevant calls between Sanchez and Petitioner Cheevers/Cleveland.[2] (*Id*. at 6.) During these calls, Petitioner typically ordered ½ ounce to ounce quantities of methamphetamine from Sanchez. (*Id*. at 6-7.)

On February 18, 2014, pursuant to a Plea Agreement, Petitioner entered a guilty plea to a Superseding Information charging him with conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Dkt. No. 371.) Petitioner initialed each page of the Plea Agreement and signed the last page, acknowledging that it included all of the promises made to him by the government. (*Id.* at 13-15.)

On May 16, 2014, the Court held a sentencing hearing and sentenced Petitioner to 105 months in custody. (Dkt. Nos. 483, 526 at 15.) The government had recommended 110 months in custody, (Dkt. No. 526 at 12), and the Court determined the applicable Sentencing Guidelines Range was 130-162 months. (Id. at 14.)

On June 16, 2014, Petitioner sent a letter asking the Court to reduce his sentence. (Dkt. No. 524.) Petitioner claimed he had been informed by his attorney that the government had agreed to run his sentences concurrent in exchange for his guilty plea. (Id.) On October 7, 2014, the Court denied Petitioner's motion to modify sentence. (Dkt. No. 541.)

On July 11, 2014, Petitioner sent another letter to the Court alleging that his attorney had not responded to any of his or his family's inquiries and that he had not seen or spoken to her since his sentencing and that his attorney lied or mislead him by informing him that he would receive a concurrent sentence but instead he received a consecutive sentence. (Dkt. No. 541.) The Court construed the letter as a motion pursuant to 28 U.S.C. § 2255

---

[2] Cheevers often used Cleveland's phone to contact Sanchez. [Dkt. No. 459.]

2

to vacate, set aside, or correct sentence by a person in federal custody. (Dkt. No. 547.) After the petition was briefed, on November 19, 2014, the Court denied Petitioner's § 2255 motion, finding no facts to support Petitioner's contention that the government agreed to a concurrent sentence in exchange for his guilty plea. (Dkt. No. 639.) On January 8, 2015, Petitioner sent another letter asking the Court to modify his sentence to run concurrently with his state court sentence. (Dkt. No. 654.) On January 9, 2015, the Court construed the letter as a motion to modify sentence and denied the motion as the Court had already addressed his claim of ineffective assistance of counsel. (Dkt. Nos. 654, 656.)

On August 15, 2018, Petitioner filed a motion for leave to file a Federal Rule of Civil Procedure ("Rule") 60(b) motion, seeking to vacate the Court's order of November 19, 2014, denying his motion to set aside sentence and obtain permission to file an all-inclusive 28 U.S.C. § 2255 petition. On August 23, 2018, the Court granted Petitioner's Rule 60(b) motion and set a briefing schedule. (Dkt. No. 728.) On August 23, 2018, Petitioner filed his petition. (Dkt. No. 729.) A response was filed by the government on September 28, 2018. (Dkt. No. 734.) On October 25, 2018, the Court granted Petitioner's motion for leave to file an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Dkt. No. 736.)

On November 19, 2018, Petitioner filed the instant amended petition for writ of habeas corpus to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. §2255 for ineffective assistance to counsel on two grounds: (1) failure to file a notice of appeal, and (2) failure to effectively advocate a concurrent sentence with Petitioner's state sentence. (Dkt. No. 738.) On December 14, 2018, Respondent filed a response in opposition to Petitioner's amended petition. (Dkt. No. 742.) On January 7, 2019, Petitioner replied to Respondent's response. (Dkt. No. 746.)

## LEGAL STANDARD

Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the

3

3:13-cr-492-GPC
Related Case: 18cv1959-GPC

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). To warrant relief under section 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

## DISCUSSION

**A.   Ineffective Assistance of Counsel**

Petitioner raises two grounds for his claim of ineffective assistance of counsel: (1) his trial counsel failed to file notice of appeal, and (2) his trial counsel failed to effectively advocate for a concurrent sentence with his state sentence. (Dkt. No. 738).

To prevail on a claim that his trial counsel rendered ineffective assistance, a petitioner must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the petitioner's defense. Strickland v. Washington, 466 U.S. 668, 688-93 (1984). Under the first prong of the Strickland test, a petitioner must show that counsel's performance "fell below an objective standard of reasonableless," id. at 688, or was "outside the wide range of professional competent assistance." Id. at 690. Reviewing courts must apply a "strong presumption" that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see Cullen v. Pinholster, 131 S. Ct. 1388, 1407 (2011) (courts must give "attorneys the benefit of the doubt" for proceeding as they did). Under the second prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

4

A petitioner must establish both deficient performance and prejudice in order to establish ineffective assistance of counsel. Id. at 687; United States v. Olson, 925 F.2d 1170, 1173 (9th Cir. 1991). "Because failure to meet either prong is fatal to [a defendant's] claim, there is no requirement that [courts] 'address both components of the inquiry if the defendant makes an insufficient showing on one.'" Gonzalez v. Wong, 667 F.3d 965, 987 (9th Cir. 2011) (internal quotation marks omitted). The Supreme Court has recognized that "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

### 1. Counsel's Failure to File Notice of Appeal

Petitioner summarily argues that his trial counsel was ineffective for failing to file a notice of appeal challenging "the determination of the manner in which the sentence would be served, by challenging this (sic) manner in which the sentence was imposed." (Dkt. No. 728 at 2.) Respondent argues that Petitioner explicitly waived his right to appeal. (Dkt. No. 734.)

A defendant's waiver of his rights to appeal and to bring a collateral attack is generally enforced if "(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." Davies v. Benov, 856 F.3d 1243 (9th Cir. 2017) (affirming denial of habeas petition because petitioner voluntarily waived his right to a collateral appeal in his plea agreement) (quoting United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). Contract law governs the interpretation of a plea agreement. Id.

In this case, the Plea Agreement provides,

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. The defendant also waives, to the full extent of the law, any right to

5

> appeal or to collaterally attack his sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range (which, if USSG 5G1.1(b) applies, will be the statutorily required mandatory minimum sentence) recommended by the Government pursuant to this agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.
>
> If at any time defendant files a notice of appeal, appeals or collaterally attacks the conviction or sentence in violation of this plea agreement, said violation shall be a material breach of this agreement as further defined below.

(Dkt. No. 371 at 10-11.) By signing the Plea Agreement, Petitioner agreed to waive his right to appeal or collaterally attack his sentence or conviction except for a claim of ineffective assistance of counsel or if his sentence is above the high end of the Sentencing Guidelines range. At his change of plea hearing on February 18, 2014, Petitioner acknowledged that he had reviewed the entire Plea Agreement with his attorney including the waiver of appeal and collateral attack and stated he had no questions. (Dkt. No. 531 at 13-14.) Petitioner does not dispute that he knowingly and voluntarily entered in the plea agreement. Petitioner also does not argue that the exception to the waiver of appeal, that he was sentenced above the high end of the Guidelines range, applies to him. Petitioner's initials appear at the bottom right-hand corner of each page of the Plea Agreement, and Petitioner's signature and his attorney's signature appear on the last page of the Plea Agreement. Moreover, at the sentencing hearing, Petitioner acknowledged that he had waived his right to appeal. (Dkt. No. 526 at 16-17.) The Court also notes that Petitioner did not request that his counsel file a notice of appeal. Pursuant to the terms of the Plea Agreement, Petitioner waived his right to appeal. Accordingly, the Court

DENIES Petitioner's claim that his trial counsel was ineffective for failing to file a notice of appeal.

**2.  Counsel's Failure to Effectively Advocate for a Concurrent Sentence to Petitioner's State Sentence**

Second, Petitioner claims that his counsel failed to effectively advocate for a concurrent sentence by failing to present proper legal authority and failing to provide the court with a reasonable "delineation of the facts of this case." (Dkt. No. 738.) The government responds that even though Petitioner's counsel was unsuccessful in convincing the Court to impose a concurrent sentence, this did not render her performance ineffective because she rigorously advocated orally and in writing for the Court to apply a concurrent sentence to Petitioner's ten-year state sentence.

"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). "This statement reflects the fact that several convictions imposed after different trials are more likely to reflect unrelated behaviors, [and in that situation], consecutive sentences are more likely to be appropriate." Setser v. United States, 566 U.S. 231 (2012). Nonetheless, a district court generally has "broad discretion in choosing to sentence a defendant to a consecutive or concurrent sentence." United States v. Johnson, 40 F.3d 1079, 1082 (10th Cir. 1994); see also United States v. Montes-Ruiz, 745 F.3d 1286, 12 (9 Cir. 2014) (recognizing sentencing judge's broad discretion to make concurrent/consecutive decisions).

Sentencing Guidelines § 5G1.3 provides for the imposition of a concurrent sentence if certain conditions are met. Section "5G1.3 operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." Witte v. United States, 515 U.S. 389, 405 (1995). However, the Sentencing Guidelines are advisory, not mandatory. United States v. Armstead, 552 F.3d 769, 784 (9th Cir. 2008). Given the advisory nature of the Guidelines as well as the Court's broad

7

discretion, a "district court has no obligation to impose a concurrent sentence, even if § 5G1.3(b) applies. . . . but a district judge must still *consider* what the Guidelines suggest." United States v. Nania, 724 F.3d 824, 830 (7th Cir. 2013).

A movant under § 2255 cannot satisfy Strickland's prejudice requirement under § 5G1.3 because the Court's discretion leaves open a possibility, not a "reasonable probability" that the sentencing judge would have imposed a concurrent sentence. See United States v. Alvarez, 184 F. App'x 876, 881 (11th Cir. 2006) (holding that a movant failed to show prejudice where his "assertion that the sentencing judge might have imposed a sentence concurrent with his other . . . sentences [was] mere speculation"); Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996) (denying an ineffective-assistance claim where "only the possibility existed that [a defendant] would receive a concurrent sentence" if his counsel raised the issue); Welker v. United States, No. 06cv48 RWS, 2009 WL 57139, at *4 (E.D. Mo. Jan. 9, 2009) ("Because such a decision is discretionary, there is only a possibility, not a reasonable probability, that a court would impose a concurrent rather than consecutive sentence if a motion under § 5G1.3(c) is properly raised.").

Here, the ineffective assistance of counsel claim fails on the prejudice prong because a possibility that a court may impose a concurrent sentence is insufficient to demonstrate a "reasonable probability" under Strickland. See Garcia v. United States, Nos. CV 12-10661 DDP, CR 11-214 DDP T, 2013 WL 4718427, at *3 (C.D. Cal. Sept. 3, 2013) (denying ineffective assistance of counsel claim because possibility is insufficient to demonstrate reasonable probability of a different outcome); United States v. Law, Crim. Action No. 08–77, 2012 WL 1671289, at *3-4 (E.D. Pa. May 14, 2012) (same). On this basis alone, the Court DENIES Petitioner's claim for ineffective assistance of counsel for filing to effectively advocate for a concurrent sentence.

Regardless, the Court also concludes that Petitioner has not demonstrated that his counsel was deficient under the first prong of Strickland. Petitioner argues that counsel

8

was deficient because his counsel should have made better or more forceful arguments in support of a concurrent sentence. In essence, Petitioner is dissatisfied with the Court's decision to not run his sentence concurrent with his state sentence. As noted by the Court in Strickland, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence . . . ." Strickland, 466 U.S. at 689. Therefore, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id.

On May 16, 2014, the Court held Petitioner's sentencing hearing. (Dkt. No. 483.) Prior to the hearing, Petitioner submitted a written sentencing memorandum requesting that the sentence the Court would impose run concurrent to his custodial sentence on a recent state conviction. (Dkt. No. 470.) During the hearing, the Court inquired about the overlap between this case and Petitioner's state case, with Petitioner's counsel orally arguing:

> . . . there's no indication that [Petitioner] had a supplier other than Mr. Contreras. He was buying drugs from Mr. Contreras and resold them. I think that the evidence, it seems to me from the audiotapes, is that that was his supplier, and he was selling drugs as part of that and got arrested in state court and prosecuted in state court for reselling drugs he obtained from Mr. Contreras.

(Dkt. No. 526 at 7.) The Court followed up with Petitioner's counsel regarding the specific quantity of drugs from Petitioner's state case, which Petitioner's counsel answered after discussing with Petitioner. (Id.) The government responded that it had not begun wire intercepts until after Petitioner's arrest in his state case. (Id. at 6-7, 10.) After considering the parties' arguments, the Court declined to run the sentence concurrent to Petitioner's state conviction after inquiring about the overlap of both cases and explained its concerns for public safety if it gave a concurrent sentence. (*Id.* at 16.) Ultimately, the Court

9

sentenced Petitioner to 105 months in custody, which was below the high-end of the Guidelines Range of 162 months calculated by the government at the time of sentencing and the Government's recommendation of 110 months. (*Id*. at 12, 14.)

Petitioner's trial counsel sought a concurrent sentence in a sentencing memorandum and in oral argument at the hearing. His trial counsel's performance did not fall "below an objective standard of reasonableness." See Strickland, 466 U.S. at 687-88. The fact that the Court ultimately disagreed with counsel does not constitute deficient performance. See Joshua v. United States, CV 09-8067, CR 05-1140 RSWL, 2010 WL 11628576, at *1 (C.D. Cal. May 13, 2010) (counsel was not deficient for failing to reduce petitioner's criminal history category as much as the petitioner believed was fair); McIntyre v. Marshall, No. CV 09-5393-CAS(PJW), 2011 WL 3204692, at *4 (C.D. Cal. May 31, 2011) (counsel not deficient because motion, while arguments were made, was not ultimately successful). Thus, Petitioner has not demonstrated that his trial counsel was deficient.

In sum, the Court DENIES Petitioner's claims of ineffective assistance of counsel.

## B. Certificate of Appealability

Under AEDPA, a prisoner seeking to appeal a district court's denial of a habeas petition must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). The district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court *sua sponte* **DENIES** Petitioner a certificate of appealability.

/ / / /

/ / / /

10

# CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's amended petition to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The Court also **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Dated: April 18, 2019

Hon. Gonzalo P. Curiel
United States District Judge