UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>JAMES CHEEVERS (12),<br><br>                                    Defendant. | Case No.: 13-cr-00492-12-GPC<br><br>**ORDER GRANTING MOTION FOR COMPASSIONTE RELEASE**<br><br>**[ECF No. 791]** |
|---|---|

On January 14, 2022, Defendant James Cheevers filed a motion seeking compassionate release or reduction of his sentence under 18 § U.S.C 3582(c)(1)(A)(i). ECF No. 791 ("Motion"). On February 10, 2022, the Government filed a response in opposition to Mr. Cheevers's motion. ECF No. 795 ("Opp."). On February 21, 2022, Mr. Cheevers filed a reply in support of his motion for compassionate release. ECF No. 796 ("Reply"). For the reasons set forth below, Mr. Cheevers's motion for compassionate release is **GRANTED**.

### I. BACKGROUND

James Cheevers was convicted by guilty plea on February 18, 2014 for Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. ECF No.

1  371. On May 16, 2014, the Court sentenced Mr. Cheevers to a 105-month custodial
2  sentence and 8 years of supervised release. ECF No. 486. At sentencing, the Court denied
3  Mr. Cheevers's request that his federal sentence run concurrently with his already
4  imposed 10-year state sentence that he was serving at the time of his federal sentence.
5  ECF No. 526 at 16. Thus, Mr. Cheevers's 105-month federal custodial sentence was set
6  to begin after his release from state custody.

   Mr. Cheevers is 58 years old. ECF No. 459 (Pre-Sentence Report, "PSR") at 3. At
the time of the PSR, he reported that he suffered a stroke in 2012, which caused partial
paralysis in his leg and requires he use a cane. *Id.* ¶ 95. No other medical conditions were
reported. Mr. Cheevers now maintains that he is suffering from acute renal failure,
stenosis and occultation of a cerebral artery, and deep vein thrombosis. Mot. at 6. Mr.
Cheevers is currently serving his sentence at Bureau of Prisons FCI Florence. *See* Mot. at
1. Mr. Cheevers has been vaccinated against COVID-19 with two doses of the Moderna
vaccine, but has yet to receive a booster shot according to the records currently before the
Court. ECF No. 794, Sealed Vorobyov Decl., Exhibit F, Med R. -155, -286.

   Mr. Cheevers submitted a written request asking for compassionate release to the
Warden at FCI Florence on November 2, 2021. ECF No. 794, Sealed Vorobyov Decl.,
Exhibit A. The Warden denied Cheevers's request on November 4, 2021. Opp. at 4. Mr.
Cheevers now moves this Court for compassionate release because his health conditions
place him at an increased risk of becoming severely ill due to his underlying medical
concerns.

//
//
//
//

2

13-cr-00492-12-GPC

## II. DISCUSSION

Cheevers moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved potion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
>
> . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Accordingly, there are two questions before the Court: first, whether Defendant has satisfied the administrative exhaustion requirement, and second, whether Defendant has demonstrated extraordinary and compelling reasons for a sentence reduction.

The First Step Act of 2018, Pub. L. No. 115-391, 132, Stat. 5194, "amends numerous portions of the U.S. Code to promote rehabilitation of prisoners and unwind

decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R4558, The First Step Act of 2018: An Overview 1 (2019)). One of the changes resulting from the Act is that it "allows defendants, for the first time, to petition district courts directly for compassionate release." *Id.* As one district court explained:

> The effect of the amendments is that a district court judge has the ability to grant a prisoner's motion for compassionate release even in the face of BOP opposition or its failure to respond to a prisoner's request for compassionate release in a timely manner. . . . Congress's express purpose in implementing these changes was to expand the use of compassionate release sentence reductions under § 3582(C)(1)(A). *See e.g.*, First Step Act, PL 115-391, 132 Stat. 5194, 5239 (titling the subsection amending § 3582, "Increasing the Transparency and Use of Compassionate Release"; 164 Cong. Rec. S7314-02, 2018 WL 6350790 (Dec. 5, 2018) (statement by Senator Cardin, cosponsor of the First Step Act, noting that its purpose was to "expand compassionate release" and expedite[] compassionate release applications").

*United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *5 (M.D. Tenn. Mr. 4, 2020); *see also United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020) ("[O]ne of the express purposes of the First Step Act was to increase the use and transparency of the compassionate release.").

### a.     Exhaustion Requirement

Section 3582(c)(1)(A) imposes an exhaustion requirement requiring a defendant to fully exhaust all administrative rights to appeal before a defendant may move the court for release.  Under this requirement, courts may consider a motion for compassionate release so long as the defendant has fully exhausted all administrative remedies or 30 days have elapsed from the receipt of such a request by the warden, whichever is earlier.

On November 2, 2021, Cheevers submitted a written request for compassionate release to the Warden at FCI Florence. Sealed Vorobyov Declaration, Exhibit A.  The Government conceded that Cheevers "properly exhausted BOP's administrative

remedies" after the Warden denied Cheevers's request on November 4, 2021. Opp. at 4. Because Mr. Cheevers has exhausted all administrative remedies after the denial by the Warden of FCI Florence, the Court finds Mr. Cheevers has satisfied the statute's exhaustion requirement.

### b. Extraordinary and Compelling Circumstances

Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons," and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, the Sentencing Commission's applicable policy statement was found in Section 1B1.13 of the Sentencing Guidelines. U.S.S.G § 1B1.13. Section 1B1.13 explains that a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) may be ordered where a court determines, "after considering the facts set forth in 18 U.S.C § 3553(a)," that:

> (1)(A) Extraordinary and compelling reasons warrant the reduction;
>
> . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G § 1B1.13. Application Note 1 to this Guidelines provision enumerates certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction, including certain medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons."

However, the Sentencing Commission has not issued a new policy statement since the passage of the First Step Act, and Section 1B1.13 only refers to motions filed by the Bureau of Prisons Director. As a result, the Ninth Circuit has held that Section 1B1.13 is

not an "applicable policy statement[]" for motions under 18 U.S.C. § 3582(c)(1)(A) filed by a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Since there is now no applicable policy statement governing compassionate release motions filed by defendants, district courts are empowered to consider any extraordinary and compelling reason or release that defendants may raise, even if not enumerate by the Sentencing Commission's statements. *Id.* at 801. The Court therefore may consider Section 1B1.13 in its broad exercise of discretion, but it is not bound by its definition of extraordinary and compelling reasons. *Id.*

Mr. Cheevers argues extraordinary and compelling circumstances exist to justify a sentence reduction because his underlying health conditions place him at increased risk for severe illness if he were to contract COVID-19 again. Motion at 6. Additionally, he argues that the penalty for his crime does not include serving a sentence that exposes Mr. Cheevers to a high risk of contracting a potentially deadly disease. *Id.* at 7.

        1.    *Mr. Cheevers' Health Conditions*

Mr. Cheevers' argues that because he suffers from acute renal failure, stenosis and occultation of a cerebral artery, deep vein thrombosis, and history of a stroke, he is at risk of a severe illness if he were to contract COVID-19 again. Motion at 6. In its Opposition, the Government counters that Mr. Cheevers does not have an "extraordinary and compelling" reason because "as of May 2021, he has been fully vaccinated against the virus." Opp. at 7. Mr. Cheevers has received two doses of the Moderna vaccine, but the records do not indicate whether he has been offered or received a third dose of the vaccine (a booster shot). ECF No. 794, Sealed Vorobyov Decl., Exhibit F, Med R., at 155, 286.

Mr. Cheevers has been under BOP's care and control since October 2, 2017, when he began serving his federal sentence. ECF No. 794, Sealed Vorobyov Decl., Exhibit C,

at 10.[1] He has thus served approximately 52% of his federal sentence. The Government does not dispute Mr. Cheevers has "CDC-identified medical conditions that put him at increased risk of serious illness from COVID-19." Opp. at 16.  Mr. Cheevers medical records show that, as of July 2021, Mr. Cheevers likely has acute renal failure, the treatment for which may require admission to a hospital for continuing care. ECF No. 794, Sealed Vorobyov Decl., Exhibit F, Med R. -001. Mr. Cheevers' records also show that he was hospitalized for deep vein thrombosis as well as a history of gastrointestinal hemorrhage, hemiplegia following cerebrovascular disease, and occlusion and stenosis of the cerebral artery. ECF No. 794, Sealed Vorobyov Declaration, Exhibit F, Med R. -027, -023.

History of strokes, substance abuse and kidney disease are all underlying conditions that can make an individual more likely to become severely ill from COVID-19. *People Who Are at Higher Risk for Severe Illness: People with Certain Medical Conditions*, Center for Disease Control and Prevention ("CDC"), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated April 29, 2022). At the time of the PSR, Mr. Cheevers noted that he had a stoke in 2012 while using drugs and has walked with a limp in his right leg since the incident. PSR ¶ 95. His most current medical records available to this Court state he still has the residual paralysis to his right leg. ECF No. 794, Sealed Vorobyov Declaration, Exhibit F, Med R. -027. This condition requires Mr. Cheevers to use a cane when he walks. *Id.* Additionally, while Mr. Cheevers has been vaccinated against COVID-19, this Court as well as courts in other districts, have found

---

[1] Mr. Cheevers was sentenced in 2014, but because Mr. Cheevers was serving a sentence related to a state criminal conviction, his consecutive federal sentence did not begin until 2017. *See* ECF No. 526 at 16.

extraordinary and compelling circumstances for individuals with health conditions that put them at a higher risk of severe illness if they were to contract COVID-19. *See, e.g.*, *United States v. Robles*, No. 19CR4122, 2022 WL 229362 (S.D. Cal. Jan. 26, 2022); *United States v. Palmer*, PWG-13-623, 2021 WL 3212586, at *3 (D. Md. July 29, 2021) ("It is impossible to predict the impact of the vaccines on future strains of the virus, just as it is impossible to predict the impact of COVID-19 on [defendant's] specific medical issues."); *United States v. Spriggs*, No. CR CCB-10-364, 2021 WL 1856667, at *3 (D. Md. May 10, 2021) (inmate's receipt of vaccine "does not negate that his underlying health conditions make him eligible for compassionate release."). The CDC has also stated that while "[c]urrent vaccines protect against severe illness, hospitalizations and deaths due to infection with the Omicron variant . . . breakthrough infections in people who are vaccinated can occur." *Omicron Variant: What You Need To Know*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html (last updated Feb. 2, 2022).

The Court finds that the combination of Mr. Cheevers' myriad serious health conditions and the continuing concerns about the spread of variants of COVID-19 due to the conditions within BOP facilities nationwide, together constitute extraordinary and compelling circumstances.

### c. Public Safety and Sentencing Factors

The factors outline in section 3553 and 3582 also require consideration of public safety, the seriousness of the offense, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. §§ 3553(a)(2)(C), 3582(c)(1)(A)(ii).

The Government states that this Court should deny a sentence reduction because Mr. Cheevers poses as a danger to society due to his ten prior felony convictions. Opp. at 11. While the Court does not deny that Mr. Cheevers has a lengthy and concerning criminal history, each incident contained within this history is non-violent, and if one

1 considers his state sentence before his transfer to BOP custody, he has now spent more
2 than eight years in custody. Mr. Cheevers' counsel also notes that, without the career
3 offender designation, the advisory range for his sentence would have been closer to 63 to
4 78 months. ECF No. 791 at 11. In that scenario, Mr. Cheevers would be close to
5 completing his federal sentence which began in 2017. Mr. Cheevers has shown that he
6 has made substantive efforts to better himself and remain sober. These efforts include
7 completing a non-residential drug treatment program, a discipline-free record while
8 incarcerated as well as the numerous classes he has taken in prison. ECF No. 794, Sealed
9 Vorobyov Decl., Exhibit D.  Mr. Cheevers was transferred to FCI Florence to complete
10 BOP's Residential Drug Abuse Program, but has not yet been granted admission to the
11 program. ECF NO. 794, Sealed Vorobyov Decl. ¶ 2. Mr. Cheevers admits that his own
12 drug use has had an impact on the choices he has made and looks forward to positively
13 contribute to society upon release. ECF No. 794, Sealed Vorobyov Declaration, Exhibit
14 E. Mr. Cheevers' proposed release plan also suggests he will be able to live in a
15 supportive, positive environment. Motion at 15. He intends to live with his father in
16 Arlington, Texas upon his release until he is able to rebuild his life. *Id*. He has also stated
17 that he wants to pursue employment in customer service or marketing research, areas in
18 which he took classes and has previous prior to serving his state and federal sentences.
19 Reply at 19.
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27
28

**CONCLUSION**

For the foregoing reasons, Mr. Cheevers's Motion for Compassionate Release is **GRANTED**, to be effective at the close of business today. Mr. Cheevers's sentence is **MODIFIED** and **REDUCED** to time served pursuant to 18 U.S.C § 3582(c), effective immediately, followed by a 96-month term of supervised release under conditions set forth in the original judgement.

The Government shall serve copies of this Order on the Warden of FCI Florence. They shall immediately release Defendant James Cheevers from custody.

**IT IS SO ORDERED.**

Dated: May 20, 2022

Hon. Gonzalo P. Curiel
United States District Judge